## Chauncey Lott v. Jonathan Sweet and others.

*Practice: Requests to charge: General charge.* It is not error to refuse to grant requests to charge where all the points involved in the several requests which are proper to be given are covered by the general charge given by the court.

*Magistrate: Conservator of the peace: Insane person: Arrest.* It is just as competent for a magistrate, as conservator of the peace, to order into custody an insane man who is committing a breach of the peace in his presence, as to order the arrest of a sane person under like circumstances; though an insane person may not be guilty of crime, he may lawfully be prevented from doing harm.

*Heard and decided January 20.*

Error to Clinton Circuit.

This action was brought by Lott for an assault and battery and false imprisonment. The evidence tended to show that defendant Sweet was a justice of the peace, and that defendant Carpenter was a constable; that Sweet ordered

Lott arrested, and that Carpenter, with the aid of defendant Clark, arrested him and took him before another justice, where complaint was made against him for an assault and battery upon his wife; that Lott's wife was in the street in the village of De Witt at about sundown, going from the residence of one Bennett to that of plaintiff, when plaintiff came up to her and told her to go into the house, and struck her with his hat two or three times; that plaintiff was noisy and boisterous, using vulgar and obscene language as to the conduct of his wife with other men, and profane language and demonstrations of violence, both in the street and in his house; that the disturbance raised a crowd in the house and yard to the number of thirty or forty, including the defendants; that plaintiff during the melee placed his hands on his wife's shoulders and forced her into a seat, and made a motion as if to strike her, when defendant Sweet caught his hand and ordered his arrest, directing the constable, Carpenter, to take him before Justice McFarlan in St. Johns, in another township; and that this was the assault and battery and false imprisonment complained of.   It was shown also that plaintiff had been drinking, and did not know what he did, or what others did to him. It was claimed on behalf of plaintiff that he was insane at the time from the use of alcoholic liquors, and so not responsible for his actions, and should not have been arrested.

The plaintiff's counsel asked twenty different instructions, which were all refused, and the court charged, in substance, that if the plaintiff was committing a breach of the peace in Sweet's presence, the order of arrest was proper, and defendants were not liable; but that if there was no breach of the peace in his view at the time, the defendants would be liable; and that the jury, if they found defendants liable, could fix the damages at any sum not exceeding the amount claimed in the declaration which in their judgment would fully compensate the plaintiff for the injury done.   The verdict was not guilty.

Plaintiff brought error.

LOTT *v.* SWEET.

*R. Strickland,* for plaintiff in error.

*Walbridge & Cook,* for defendants in error.

PER CURIAM:

I. The charge of the court as given covered all the points involved in the several requests which were proper to be given, and was as favorable to the plaintiff as under the evidence was warranted, and the refusal to grant his requests was therefore not error.

II. It is just as competent for a magistrate, as conservator of the peace, to order into custody an insane man who is committing a breach of the peace in his presence, as to order the arrest of a sane person under like circumstances; though an insane person may not be guilty of crime, he may lawfully be prevented from doing harm.

Judgment affirmed.